IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SPECTRUM ORIGINATION LLC**                      **PLAINTIFF**

v.                                                **CAUSE NO. 1:13CV371 LG-JMR**

**ALLIANCE CONSULTING GROUP,
LLC and RYAN HESS**                                          **DEFENDANTS**

<u>ORDER DENYING MOTION TO REMAND</u>

BEFORE THE COURT is the Emergency Motion [2] to Remand filed by plaintiff Spectrum Origination LLC. The Motion has been amended [14] and supplemented [29]. Defendants removed this case from Pearl River County, Mississippi, Chancery Court on the basis of diversity jurisdiction. There is no dispute that all of the defendants are citizens of Louisiana. Concerned that the allegations regarding citizenship of the plaintiff, Spectrum Origination LLC, were insufficient, the Court conducted a hearing on September 30, 2013. Because the parties were unable to specify the citizenship of all of the members of Spectrum, the Court gave the parties additional time to conduct remand-related discovery. Spectrum has now provided information establishing that the citizenship of itself and its members is that of New Jersey, making the parties diverse. Nevertheless, Spectrum argues that the Court should find that there is no diversity because the lenders are the "real parties in interest," and one of the lenders is a citizen of Louisiana. The Court finds that the parties are diverse and denies remand.

BACKGROUND

This case consists of two consolidated state court cases that were initiated as Spectrum's complaint for injunctive relief to prevent trespass or interference with its

foreclosure proceedings on certain properties. Spectrum filed one motion for a Temporary Restraining Order in Hancock County Chancery Court concerning a mine property in Nicholson, Mississippi, and a separate claim in Pearl River County Chancery Court concerning a sand processing facility in Picayune, Mississippi. Both TRO's were granted by the respective state courts. The two cases were consolidated in the Pearl River County Chancery Court and then removed to this Court on September 20, 2013. Shortly thereafter, the defendants filed counterclaims against Spectrum of fraud, civil conspiracy, and breach of duty of good faith and fair dealing in regard to a credit agreement secured by these properties. (Counterclaim, ECF No. 5).

The foreclosure sale on the mine property occurred as scheduled on October 1, 2013. However, before the scheduled sale of the sand processing facility could occur on October 3, creditors of Alliance Consulting Group, LLC, filed a petition for involuntary bankruptcy against Alliance. *In re Alliance Consulting Grp., LLC*, No. 13-51937-KMS, (Bankr. S.D. Miss. Oct. 3, 2013). A review of the record in that case shows that there was disagreement concerning the foreclosure sale and the identity of the members of Alliance.[1]

---

[1] A motion filed by Spectrum in the bankruptcy court shows that Elle Investments, LLC might be both a lender and the debtor as a member of Alliance Consulting Group, LLC. (*See In re Alliance Consulting Grp., LLC*, No. 13-51937-KMS, Mot. for Appt. of a Ch. 11 Trustee 7 & n. 8, ECF No. 63). Elle had contracted with Gary Hess (the father of defendant Ryan Hess) to acquire a 50% interest in Alliance, but on October 22, 2013, Gary Hess asserted that Elle had defaulted and forfeited all of its shares of Alliance. Gary Hess stated that he was taking back his position as manager and member of Alliance. (*Id.*). Elle disputes this action, and has filed a lawsuit in Louisiana state court to confirm that it, and not Gary Hess, is

Proceedings in this case were stayed until January 30, 2014, upon a joint request from the parties. Briefing on the remand issue was completed after the stay expired.

Diversity Jurisdiction

Diversity jurisdiction cannot exist where at least one plaintiff is from the same state as at least one defendant. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). A limited liability company's citizenship is that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The Court has been provided with sufficient information to determine that the members of the limited liability companies named as parties are completely diverse. The documents of record show that Spectrum is a New Jersey limited liability corporation whose members are citizens of New Jersey, and defendant Alliance is a Louisiana limited liability company whose members are citizens of Louisiana. Defendant Ryan Hess is a member of the Alliance LLC, and he is a resident of Louisiana. Spectrum alleges however, that it is merely an administrative agent for the lenders, and as the true parties in interest, their citizenship should be examined for determination of diversity.

Citizenship of the "Real Parties in Interest"

Spectrum argues that it is not a real and substantial party for the purpose of

---

the rightful 50% member of Alliance Consulting Group, LLC. (*Id.*) (citing *Elle Investments, LLC v. Gary Hess, et al.*, No. 2013-10064 (Orleans Parish Civil Dist. Ct. (Oct. 25, 2013)). Thus, at this time it is unclear whether Elle Investments, LLC holds an interest in Alliance.

determining diversity jurisdiction - it is merely an administrative agent for the lenders. Spectrum argues that it exercises no discretion and acts only at the direction of the current lenders, who are the real and substantial parties for jurisdictional purposes. It alleges that one of the lenders is Elle Investments, LLC, whose member, Michael Moreno, is a Louisiana resident. Spectrum contends that the common Louisiana citizenship of Moreno and all of the defendants destroys diversity.

Spectrum's argument is not supported by the complaints for injunctive relief filed in state court. When this lawsuit arrived from state court, it concerned Spectrum's right, as administrative agent for the lenders, to conclude foreclosure proceedings without interference from Hess. When Spectrum sought a TRO from the state court, it alleged it was "entitled to complete possession of the property." (S.R. 49, ECF No. 34-1). The fact that Spectrum's right to seek a TRO was conferred by the lenders under the terms of the credit agreement does not make Spectrum a nominal party in this case. The party with a right to enforce the claim is "not necessarily the person who will ultimately benefit from the recovery." *Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990).

There is no doubt that the lenders have an interest in the outcome of Spectrum's request for injunctive relief. But this interest is not a basis for considering the lenders' citizenship for diversity purposes. There may be multiple real parties in interest for a given claim. *BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 908 (S.D. Tex. 2012) (quoting *HB Gen.*

*Corp. v. Manchester Partners, LP*, 95 F.3d 1185, 1196 (3d Cir. 1996)). The Fifth Circuit Court of Appeals has stated that "[t]he citizenship of one who has in interest in the lawsuit but who has not been made a party to the lawsuit by plaintiff cannot be used by plaintiff on a motion to remand to defeat diversity jurisdiction." *Plains Growers, Inc. By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 252 (5th Cir. 1973).

The Court concludes that Spectrum is a real party in interest in regard to the rights it seeks to enforce in this lawsuit. Therefore, the citizenship of the lenders, who have not been joined, is not relevant. Complete diversity exists between the named parties.[2] The Motion to Remand will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [2, 14, 29] filed by plaintiff Spectrum Origination LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of April, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[2] In later versions of the remand motion, Spectrum requested additional relief in the event that the Court retained jurisdiction of this case. It argues that Hess' counterclaims against it are subject to a "Submission to Jurisdiction" clause in the credit agreement fixing venue in New York. (Memo. in Support of Suppl. Mot. to Remand Ex. B, 71-72, ECF No. 30-2). It requests transfer of Hess' counterclaims to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). This requested relief is unrelated to the issue of remand, and must be raised by separate motion.